# COMPOSITE EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Tiffany A. Matthews<br>      Debtor<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST<br>      Movant<br><br>v.<br><br>Tiffany A. Matthews<br>      Debtor/Respondent<br><br>Kenneth E. West, Esquire<br>      Trustee/Respondent | Bankruptcy No. 24-10940-AMC<br><br>Chapter 13 |

**STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY**

    Secured creditor, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, and Tiffany A. Matthews, "Debtor(s)" by and through their respective attorneys, hereby stipulate as follows:

**I.    BACKGROUND:**

1. On November 3, 2005, Tiffany A. Matthews, executed and delivered a Promissory Note ("Note") and a Mortgage ("Mortgage") securing payment of the Note in the amount of $92,900.00.

2. The Mortgage was recorded on November 15, 2006, with the Delaware County Recorder of Deeds.

3. The Mortgage was secured as a lien against the property located in Delaware County commonly known as 1534 Rainer Road, Brookhaven, Pennsylvania 19015 (the "Property").

4. The Note and Mortgage were lastly assigned to U.S. BANK TRUST NATIONAL ASSOCIATION

NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST.

5. Debtor(s) has defaulted under the terms of the Note and Mortgage by failing to make the monthly post-petition payments of principal, interest and escrow. As of October 1, 2024, the post-petition arrearage owed to Movant is $2,505.89 and consists of 2 monthly mortgage payments at $1,081.80, less a suspense balance of $706.71, plus attorneys' fees and costs of $1,049.00.

6. Thus, Debtor(s)'s post-petition arrearage currently totals the sum of $2,505.89.

7. Debtor(s) further acknowledges that additional payments of principal, interest and escrow currently in the amount of $1,081.80, per month shall become due under the Note and Mortgage on the 1st of each successive month, beginning November 1, 2024 until the Note is paid in full. Debtor(s) acknowledges that the monthly payment is subject to change and is responsible for same.

8. U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, and Debtor(s) desire to resolve Debtor(s)'s post-petition arrearage in accordance with the set forth terms below:

II. **STIPULATION FOR RELIEF FROM STAY**

9. Debtor(s) confirms and acknowledges his obligations to U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, under the Note and Mortgage.

10. Debtor(s) further confirms and acknowledges his failure to make the post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth above in paragraphs 5 and 6.

11. Debtor(s) further confirms and acknowledges his obligations to make the regular post-petition payments of principal and interest going forward from November 1, 2024 as set forth above in

paragraph 7.

12. Debtor further agrees to file an Amended Plan within 30 days of the entry of an Order Approving this Stipulation which will include treatment for the post-petitions arrears owed to U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST.  The plan shall state that the post-petition arrears through October 1, 2024 shall be paid over the remaining life of the plan in payments by the Chapter 13 Trustee.  If necessary, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST shall file a supplemental claim or amended proof of claim reflecting the post-petition arrears through October 1, 2024.

13. In the event that Debtor(s) converts to a Chapter 7 during the pendency of this Bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within ten (10) days from date of conversion.  Should the Debtor(s) fail to cure the arrearage, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, will send Debtor(s)'s counsel a written notification of default of this Stipulation.  If the default is not cured within fifteen (15) days of the notice, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay.

14. In the event the Debtor(s) should default on his obligations under this Stipulation by failing to comply with the provisions as set forth above in paragraph 11 and/or tender in full any of the payments described in paragraph 12, on or before the dates on which they are due, then U.S.

BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns shall serve Debtor(s)' Attorney by fax, e-mail and/or regular mail, with written notification of default. In the event that Debtor(s) fails to cure the default within fifteen (15) days of the date of the written notification, then, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, or its assignee or successors may exercise its rights against the Mortgaged Property under the terms of this Stipulation without further notice to Debtor(s) or the Order of this Court. If Movant has to send a Notice of Default, the Debtor shall pay $100.00 per notice, as attorney fees, in addition to whatever funds are needed to cure the default prior to the expiration of the allowed cure period.

15. Additionally, Debtor(s) agrees that he is not permitted more than two (2) defaults from the date of this Stipulation. Debtor(s) agrees that if he defaults under the terms of this Stipulation more than two (2) times, then, without any further notice, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, its successors and/or assigns may exercise its rights against the Mortgaged Property under the terms of this Stipulation.

16. Neither U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's consent to this Stipulation nor U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's acceptance of any payments tendered by Debtor(s) shall be construed as a waiver of U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST's right to proceed with or commence a foreclosure other legal action against Debtor(s) under this Stipulation; however, U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, agrees to credit Debtor(s)' account for any payments made by Debtor(s) in accordance with this Stipulation, the Note and/or Mortgage.

17. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

18. Debtor(s) hereby certifies and confirms that he has reviewed the terms of the Stipulation with his Counsel that Debtor(s) understands and is in agreement with the terms of this Stipulation, and that counsel has been authorized by Debtor(s) to sign this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Michelle L. McGowan, Esq   Date:  October 15, 2024
Michelle L McGowan, Esq.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA I.D 62414

13010 Morris Rd, Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
Email: mimcgowan@raslg.com
Attorney for Movant

/s/ Brad J. Sadek     *with express permission*
Brad J. Sadek
Pennsylvania Bar No. 90488
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102
Telephone: 215-545-0008
Facsimile: 215-545-0611

NO OPPOSITION: Without Prejudice to Any Trustee Rights or Remedies

/s/ LeeAne O. Huggins
Kenneth E. West
Attorney for Chapter 13 Trustee
1234 Market Street - Suite 1813 Philadelphia, PA 19107
Telephone: 215-627-1377

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
### PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br><br>Tiffany A. Matthews<br>    Debtor<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST<br>    Movant<br><br>v.<br><br>Tiffany A. Matthews<br>    Debtor/Respondent<br>Kenneth E. West, Esquire<br>    Trustee/Respondent | **Bankruptcy No. 24-10940-AMC**<br><br>**Chapter 13** |

## ORDER OF COURT

AND NOW, this 12th day of November, 2024, upon consideration of the foregoing Stipulation Resolving Motion for Relief from Stay, it is hereby ORDERED that the Stipulation is approved.

_____
U.S. Bankruptcy Judge Ashely M. Chan

# EXHIBIT "B"



| James Robertson, Esquire | Everett Anschutz, Esquire | David J. Schneid, Esquire | John Crane, Esquire |
|---|---|---|---|
| Member of Texas Bar | Member of Texas Bar | Member of Florida Bar | Member of Texas Bar |

May 30, 2025

Tiffany A Matthews
1534 Rainer Road
Brookhaven, PA 19015

BRAD J. SADEK
Sadek Law Offices, LLC
1500 JFK Boulevard
Ste 220
Philadelphia, PA 19102

VIA EMAIL AND U.S. MAIL

RE: Notice of Default for Tiffany A Matthews; Case No: 24-10940-amc

Dear Sir/Madam,

I represent SELENE FINANCE, LP AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, the servicer for mortgage on your client's property located at 1534 Rainer Road, Brookhaven, PA 19015. Please consider this letter a Notice of Default under the terms of the Stipulation and Order resolving the Motion for Relief of Stay (DE 34) ("Stipulation") and (DE 36) ("Order").

According to our client's records, the Debtor has not made the following mortgage payment pursuant to the Stipulation. In accordance with the Stipulation, SELENE FINANCE, LP AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, hereby provides notice demanding the default be cured within fifteen (15) days of the date of this notice.

The breakdown of the Debtor's default is as follows:

Payments Due:

| Payments Past Due –04/01/2025 - 05/01/2025 @ $1,093.93/month | $2,187.86 |
|---|---|
| Suspense Balance | ($1,091.15) |
| **Total Amount Due to Cure Default:** | **$1,096.71** |

The address where payments should be sent is:

**Selene Finance, LP**
**Attn: BK Dept**
**3501 Olympus Boulevard**
**Dallas Texas  75019**

Pursuant to the Stipulation, failure to cure this default within fifteen (15) days from the date of this notice will result in SELENE FINANCE, LP AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST, filing an order terminating the automatic stay.

Please notify me once the payment has been sent, and please provide me with proof of the payment as well. Should you have any further questions, please feel free to contact me.

Sincerely,

/s/ Michelle L. McGowan
Michelle L. McGowan